UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; AMAZEMENT MUSIC; SEASONS FOUR MUSIC; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; UNICHAPPELL MUSIC, INC.; EMI BLACKWOOD MUSIC, INC.; ARRESTED DEVELOPMENT MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) | |
| OVER TYME BAR & GRILL, INC., d/b/a OVERTYME BAR & GRILL, and CHARITY HARRIS and LARRY HARRIS each individually, | ) ) ) ) ) | 5:15-CV-398(LJA) |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

{00289553.DOC / }

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Amazement Music is a sole proprietorship owned by Frankie Beverly. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Seasons Four Music is a partnership owned by Robert Gaudio and Frankie Valli. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff EMI Virgin Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Arrested Development Music is a sole proprietorship owned by Todd Thomas. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Defendant Over Tyme Bar & Grill, Inc. is a corporation organized and existing under the laws of the state of Georgia, which operates, maintains and controls an establishment known as Overtyme Bar & Grill, located at 2455 Pio Nono Avenue, Macon, Georgia 31206, in this district (the "Establishment"). Defendant Over Tyme Bar & Grill, Inc. may be served through its registered agent

Charity Harris at the Establishment or at 1064 Pio Nono Avenue, Macon, Georgia 31204.

13. In connection with the operation of the Establishment, Defendant Over Tyme Bar & Grill, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant Over Tyme Bar & Grill, Inc. has a direct financial interest in the Establishment.

15. Defendant Charity Harris is the Chief Executive Officer of Defendant Over Tyme Bar & Grill, Inc., with primary responsibility for the operation and management of that corporation and the Establishment. Charity Harris may be served at the Establishment or at 1064 Pio Nono Avenue, Macon, Georgia 31204.

16. Defendant Charity Harris has the right and ability to supervise the activities of Defendant Over Tyme Bar & Grill, Inc. and a direct financial interest in that corporation and the Establishment.

17. Defendant Larry Harris is the Chief Financial Officer of Defendant Over Tyme Bar & Grill, Inc. with responsibility for the operation and management of that corporation and the Establishment. Larry Harris may be served at the Establishment or at 1064 Pio Nono Avenue, Macon, Georgia 31204.

18.     Defendant Larry Harris has the right and ability to supervise the activities of Defendant Over Tyme Bar & Grill, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20.     Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21.     Annexed to this Complaint as a schedule (the "Schedule," attached hereto as Exhibit 1) and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the five (5) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4

{00289553.DOC / }
5

identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

22. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

26. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted this 21st day of October, 2015.

/s/ Troy R. Covington
Ryan T. Pumpian
Georgia Bar No. 589822
rpumpian@bloomsugarman.com
Troy R. Covington
Georgia Bar No. 190949
tcovington@bloomsugarman.com
Bloom Sugarman, LLP
977 Ponce de Leon Ave., N.E.
Atlanta, GA 30306
Tel   404-577-7710
Fax   404-577-7715

Attorneys for Plaintiffs